James Lantos
408 Paris Hill Road
South Paris, ME 04281
Phone number: 781-296-3539
Email: jim@jimlantos.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES LANTOS,<br><br>PRO SE PLAINTIFF,<br>vs.<br><br>WAYFAIR INC.,<br><br>WAYFAIR L.L.C., AND<br><br>WAYFAIR STORES LIMITED, DOES 1 THROUGH X<br><br>DEFENDANT | Case No.:<br><br>**PLAINTIFF'S COMPLAINT**<br>For Injunctive Relief, Breach Of Contract, And Relief Under the Massachusetts Consumer Protection Act, Chapter 93 A |

**COMES NOW** the Plaintiff, **JAMES LANTOS**, proceeding **Pro Se**, and hereby submits this **Complaint for Relief** against the Defendants **Wayfair Inc., Wayfair L.L.C., and Wayfair Stores Limited** (hereinafter collectively referred to as "WAYFAIR"), and in support thereof, Plaintiff LANTOS respectfully states and alleges as follows:

## JURISDICTION AND VENUE

1. The Defendant, WAYFAIR, by virtue of its regular and systematic business operations within the County of Oxford, State of Maine, is subject to the personal jurisdiction of this Honorable Court.

PLAINTIFF'S COMPLAINT

2. Given that the Defendant's tortious conduct transpired within the Defendant's business domicile in the City of Norway, State of Maine, and that the events precipitating this action are in direct contravention of Statute 93A, this venue is deemed proper for the adjudication of the matters at hand.

3. In connection with the actions ascribed to the Defendant within this Complaint, it is alleged that the Defendant, both directly and indirectly, utilized instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephonic communications, and the national securities markets' facilities.

## PARTIES AND DEFINITIONS

5. The Plaintiff, JAMES LANTOS, a natural person residing in the City of South Paris, Oxford County, State of Maine, serves as the Chief Executive Officer of a business entity situated in Norway, Maine. He is further defined as a "consumer" under the provisions of 15 U.S.C. § 1681a (c) within the Fair Credit Reporting Act (FCRA).

6. The Defendants, Wayfair Inc., Wayfair LLC, and Wayfair Stores Limited, are entities duly incorporated under the laws of the Commonwealth of Massachusetts, with principal executive offices located at 4 Copley Place, Boston, MA 02116.

7. At all times material herein, the Defendants were entities organized and existing under the laws of the Commonwealth of Massachusetts.

8. The Plaintiff is currently ignorant of the true names and capacities of certain Defendants sued herein as DOES I through X and thus designates these Defendants by fictitious names. The Plaintiff will amend this Complaint to allege their true names and capacities once ascertained.

PLAINTIFF'S COMPLAINT

9. The Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, each of the Defendants was the agent and/or employee of each remaining Defendant and was acting within the scope and purpose of such agency and/or employment.

## FACTUAL ALLEGATIONS

7. A formal demand letter was dispatched to the Defendant's litigation department on June 5, 2024, attached hereto as "**Exhibit A**".

8. In December of the previous year, the Plaintiff applied to become a reseller through the Defendant's website portal. Upon request, the Plaintiff provided links to his existing product listings on Amazon and Walmart. Subsequently, the Defendant expressed interest in collaboration, as evidenced by the attached email correspondence.

9. The Plaintiff executed a partnership agreement with the Defendant, which the Defendant acknowledged by email. A copy of this agreement is appended hereto as "**Exhibit A**".

10. Between the agreement's execution and April 2024, the Plaintiff diligently undertook the fulfillment of approximately eight requirements specified by the Defendant to initiate the partnership, including completing Q&A forms, disclosures, and other business-related information.

11. The Plaintiff asserts that the most onerous of these requirements was the completion of an Excel-based data-feed with ten test products for listing on the Defendant's site. Upon completion, the Plaintiff planned to enlist his programming partner to populate the entire data-feed with his full inventory of 300,000 products, primarily historic images from the Library of Congress to be sold as framed pictures.

PLAINTIFF'S COMPLAINT

12. For contextual reference, the Plaintiff had previously undergone a similar onboarding process with Amazon, wherein the data-feed required over 100 fields of information. The Plaintiff completed the fields pertinent to his products, such as size, weight, name, price, and shipping details.

13. The Plaintiff contends that the data-feed required by Wayfair was considerably more extensive, encompassing hundreds of fields. Nonetheless, the Plaintiff had previously worked meticulously with Amazon's onboarding team for nearly nine months before achieving final approval.

14. The Plaintiff initiated the process of completing the Wayfair data-feed in January 2024, as documented by the exchange of communications between the Plaintiff and "Jim", the Defendant's onboarding specialist. During this period, both parties engaged in back-and-forth correspondence, typically spanning a week or two, with the Plaintiff seeking clarifications that "Jim" provided.

15. As April approached, communication became strained. On April 3, 2024, "Jim" offered some advice, marking the last correspondence from him. The Plaintiff perceived that "Jim" was becoming increasingly frustrated, and shortly thereafter, the Plaintiff acknowledges that his own communications became more urgent and "desperate" as he sought to expedite the process.

16. After receiving no further responses from "Jim" and being unable to access the onboarding portal, the Plaintiff, under the impression that Wayfair was penalizing him for delays (overlooking the existing contract), sent a final plea detailing his company's offerings.

17. Following the final plea, the Plaintiff received no further communication from the Defendant or its onboarding specialists. Subsequently, upon attempting to access the

PLAINTIFF'S COMPLAINT

onboarding portal, the Plaintiff was met with a message stating, "Login credentials invalid." The Plaintiff surmises that the Defendant had indeed obstructed his completion of the onboarding process.

18. The Plaintiff now references the contract dated December 19, 2023, executed by the Vice President of Onboarding/New Partnerships at Wayfair. Upon review, the Plaintiff discovered a clause stipulating that either party must provide a 60-day notice for termination.

19. The Plaintiff asserts prima facie evidence of the Defendant's breach of contract and consumer fraud under Chapter 93A.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
## MASSACHUSETTS GENERAL LAWS CHAPTER 106

20. The Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 19 as though fully restated herein.

21. The Plaintiff asserts that he entered into a valid and binding written contract with the Defendant, a copy of which is annexed hereto as "Exhibit A". The consideration set forth in the agreement was fair and reasonable.

22. The Plaintiff has performed all conditions, covenants, and promises required of him pursuant to the contract's terms.

23. The Defendants have materially breached this contract by failing to provide the requisite 60-day notice prior to terminating the Plaintiff's onboarding process.

PLAINTIFF'S COMPLAINT

24. As a direct and proximate result of the Defendant's breach, the Plaintiff has sustained punitive damages in the amount of $20,000.00 in labor time employed to setup on the Wayfair system.

25. Plaintiff wished to sell wall décor (framed and unframed pictures) on Wayfair from his company's inventory of 300,000 vintage images.

26. Plaintiff previously sold 10 years on Amazon (2006–2016).  Plaintiff earned over $1M in revenues during his time on Amazon.  Plaintiff asserts all of the sales records from this period are available as evidence of previous sales history.

27. Clearly, Plaintiff would have earned at least the same amount of monthly revenue had he listed his products on Wayfair as he now has THREE (3) times as much inventory now as he did 10 years ago when he last listed on Amazon.

28. Plaintiff asserts that at least 7 months of lost income have accrued were sales to begin in April 2024 and continue until today and for the next two months as this case might continue.  Thus, Plaintiff has lost $8,333/mo. over this period.  For a total loss of:

    $1,000,000 / 10 yrs. / 12 months = $8,333/mo.

    $8,333/mo. x 7 = $58,331

    + $20,000 in setup time labor

    Total $78,331

29. The Plaintiff, under the terms of the written agreement, is entitled to recover reasonable attorney's fees incurred in enforcing the agreement's provisions. Consequently, the Plaintiff has been compelled to initiate legal action to prosecute this lawsuit.

PLAINTIFF'S COMPLAINT

## SECOND CAUSE OF ACTION
## CONSUMER FRAUD
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, CHP. 93A

29. The Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs as if fully set forth herein.

30. As previously delineated, the Plaintiff qualifies as "any person who engages in the conduct of any trade or commerce" and who suffers a loss of money or property as a result of another's unfair or deceptive act, as defined by Chapter 93A of the Massachusetts Consumer Protection Act.

31. The Plaintiff alleges that the Defendant's actions, specifically the termination of the onboarding process without the requisite 60-day notice, constitute a clear and blatant violation of Chapter 93A.

32. As a direct and proximate result of the Defendant's violation, the Plaintiff seeks punitive and monetary damages, which, under Chapter 93A, may be trebled.

33. The Plaintiff calculates total damages at $235,000.00, representing three times the initial claim of $78,331.00, in accordance with the statutory provisions of Chapter 93A.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JAMES LANTOS, prays for judgment against the Defendants, WAYFAIR INC., WAYFAIR LLC, and WAYFAIR STORES LIMITED, and each of them, jointly and severally, as follows:

i. That this Honorable Court award the Plaintiff compensatory damages in the principal sum of $78,331.00, or such greater amount as may be proven at trial, as a result of the

PLAINTIFF'S COMPLAINT

Defendants' material breach of contract, said amount representing the Plaintiff's direct losses and consequential damages flowing naturally from the breach;

ii. That this Honorable Court award the Plaintiff treble damages pursuant to Chapter 93A of the Massachusetts Consumer Prote0ction Act, in an amount not less than $235,000.00, or such other amount as the Court may determine, for the Defendants' willful, knowing, and intentional violation of consumer protection laws;

iii. That this Honorable Court award the Plaintiff punitive damages in an amount sufficient to punish and deter the Defendants from engaging in such egregious misconduct in the future, the exact amount to be determined according to proof at trial;

iv. That this Honorable Court order the Defendants to make full restitution to the Plaintiff for all moneys wrongfully withheld or misappropriated, including but not limited to, any costs incurred by the Plaintiff in fulfilling his obligations under the contract prior to its wrongful termination by the Defendants;

v. That this Honorable Court award prejudgment interest on all sums awarded herein at the maximum rate permitted by law, from the date of the breach of contract or such other date as the Court deems appropriate, until the date of judgment;

vi. That this Honorable Court award the Plaintiff reasonable attorney's fees, costs, and disbursements incurred in prosecuting this action, as provided for under the terms of the contract and pursuant to applicable law;

vii. That this Honorable Court issue a preliminary and permanent injunction enjoining the Defendants, their agents, employees, and all persons acting in concert with them, from engaging in any further acts that constitute a breach of contract or a violation of Chapter

93A, including but not limited to, terminating the Plaintiff's account without just cause and proper notice;

viii. That this Honorable Court declare the rights and duties of the parties under the contract, specifically that the Defendants were in breach of said contract, and that the Plaintiff is entitled to all appropriate remedies as a result of such breach; and

ix. That this Honorable Court grant such other and further relief as it may deem just, equitable, and proper under the circumstances.

Dated: 26th August 2024

--- /s/ James Lantos ---

James Lantos
408 Paris Hill Road
South Paris, ME 04281
Phone number: 781-296-3539
Email: jim@jimlantos.com
Business Address:
Snapshots of the Past, Inc.
299 Main Street, Unit 229
Norway, ME 04268

PLAINTIFF'S COMPLAINT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES LANTOS,<br><br>      PRO SE PLAINTIFF,<br>vs.<br>WAYFAIR INC., WAYFAIR L.L.C., AND WAYFAIR STORES LIMITED, DOES 1 THROUGH X<br><br>      DEFENDANT | Case No.:<br><br>**PLAINTIFF'S COMPLAINT**<br>For Injunctive Relief, Breach Of Contract, And Relief Under the Massachusetts Consumer Protection Act, Chapter 93 A |

**PROOF OF SERVICE**

I hereby certify that on this Dated this 26th day of August, 2024, I filed the foregoing with the Clerk of the Court for the District Court of Massachusetts. When filed with the ECF system by the clerk, all defendants registered with CM/EFC will be notified.

Dated: 26th August 2024

--- /s/ James Lantos --
James Lantos
408 Paris Hill Road
South Paris, ME 04281
Phone number: 781-296-3539
Email: jim@jimlantos.com
Business Address:
Snapshots of the Past, Inc.
299 Main Street, Unit 229
Norway, ME 04268

PLAINTIFF'S COMPLAINT
